UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

MARLEN MARTINEZ,

    Plaintiff,

v.                                            CASE NO. 1:16-cv-24103-MGC

AMERICAN ELDERCARE, INC.,

    Defendant.

_____/

**JOINT MOTION FOR *IN CAMERA* APPROVAL OF
CONFIDENTIAL SETTLEMENT AGREEMENT AND
STIPULATION FOR DISMISSAL WITH PREJUDICE**

Plaintiff Marlen Martinez ("Plaintiff") and Defendant American Eldercare, Inc. ("Defendant") jointly move the Court to review *in camera* and approve the confidential settlement reached by the parties and dismiss this case with prejudice, and in support thereof state as follows:

    1.    This is an action by Plaintiff asserting a claim for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.

    2.    At mediation, the parties were able to resolve this action, including the pending claims.

    3.    Pursuant to controlling law in this Circuit, the settlement of an FLSA claim, unlike the settlement of all other claims, requires judicial review and approval. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982). The parties therefore seek the Court's review and approval of their settlement but request to submit the Agreement *in*

*camera* in order to preserve confidentiality, which both parties agree is an important and material component of their resolution.

4. The parties had a bona fide dispute under the FLSA. Plaintiff asserted an entitlement to unpaid overtime wages based on the allegation that she was misclassified as "exempt" under the FLSA. Defendant asserted that Plaintiff was properly classified as "exempt" under the FLSA and that, in the event a misclassification had occurred, it was not willful, and that Plaintiff did not work the overtime hours she claimed to have worked. Accordingly, there were disputed issues over (a) whether Plaintiff was exempt under the FLSA, (b) whether any violation of the FLSA, if one occurred, was willful, and (c) in the event the Plaintiff was eligible for overtime compensation, the number of overtime hours she actually worked.

5. Because of the complexity of the FLSA legal issues and the risk that Plaintiff could recover nothing, Plaintiff and Defendant have agreed to a resolution of the FLSA claim in this case as provided in the parties' confidential Settlement Agreement and Release ("Agreement"), which the parties request to submit to the Court for *in camera* inspection.

6. The parties and their counsel are very familiar with the legal and factual issues presented. This compromise reflects both parties' acknowledgement that there is substantial risk and uncertainty for both parties concerning the disposition of all claims that may exist between them. Given this, both parties believe that their negotiated Agreement is fair and reasonable in order to avoid the additional costs, risks, and uncertainties of protracted litigation.

7. In addition, the Agreement reached by the parties fully satisfies Plaintiff's attorneys' fees and costs, and no amounts will be deducted from the amounts paid to Plaintiff to satisfy her attorneys' fees and costs. Both parties agree that this is a fair and reasonable amount of attorneys' fees and expenses given the work done on this case by Plaintiff's counsel.

8.     All parties have been represented by counsel throughout the litigation.  Counsel for the parties represent that the settlement entered into by the parties was an arms-length compromise and there was no collusion with regard to the settlement of this matter.  Counsel for the parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

9.     The parties also hereby stipulate to the dismissal with prejudice of this action pursuant to Fed. R. Civ. P. 41(a).

**MEMORANDUM OF LAW**

**A.     Standard of Review.**

Pursuant to the case law of this Circuit, judicial review and approval of a tentative FLSA settlement is necessary to give it final and binding effect.  Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982).  As the Eleventh Circuit held in Lynn, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees."  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them.  Second, when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may approve the settlement "after scrutinizing the settlement for fairness." Lynn, 679 F.2d at 1352-53.

The Court's role is to determine if it is "a fair and reasonable resolution of a bona fide dispute."  Id. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement in order to promote the policy of encouraging settlement of litigation.  Id. at 1354.  In determining whether the settlement is fair and reasonable the Court considers the following factors:  (1) the existence of fraud or collusion

behind the settlement, (2) the complexity, expense, and likely duration of the litigation, (3) the stage of the proceedings and the amount of discovery completed, (4) the probability of plaintiff's success on the merits, (5) the range of possible recovery, and (6) the opinions of the counsel. See Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. Hamilton, 2007 U.S. Dist. LEXIS at *2-3.

### B. The Relevant Criteria Support Final Approval of the Settlement.

Here, the aforementioned factors militate in favor of approving this FLSA settlement. First, there has been no fraud or collusion involved in the settlement. The settlement was reached as a result of an arm's-length negotiation at mediation in order to reach what both parties' believe is a reasonable compromise.

Second, the complexity of the FLSA issues involved in this case are substantial and would have greatly increased the costs and duration of this litigation. Third, the parties reached this compromise with a full understanding of the factual and legal issues involved.

Fourth, given the particular facts of this case, the probability of Plaintiff's success on her overtime claim was uncertain. So the compromise represents a fair apportionment of the substantial risk that Plaintiff could recover nothing.

Finally, both parties' counsel are of the informed opinion that this FLSA settlement is in the best interests of their respective clients. Moreover, the settlement resolves all other potential claims that could arise from the Plaintiff's employment with the Defendant.

## **CONCLUSION**

For the foregoing reasons, Plaintiff and Defendant respectfully request that this Court review *in camera* and approve their confidential Settlement Agreement and dismiss this case with prejudice.

Dated:  April 11, 2017                                                                 Respectfully submitted,

| | |
|---|---|
| *s/ Noah E. Storch*<br>Noah E. Storch<br>Florida Bar No. 0085476<br>Noah@floridaovertimelawyer.com<br>CELLER LEGAL, P.A.<br>7450 Griffin Road, Suite 230<br>Davie, Florida 33314<br>Telephone:  866.344.9243<br>Facsimile:  954.337.2771<br>Attorney for the Plaintiff | *s/ Jennifer M. Moore*<br>Jennifer Monrose Moore<br>Florida Bar No. 035602<br>jennifer.moore@ogletreedeakins.com<br>OGLETREE, DEAKINS, NASH,<br>  SMOAK & STEWART, P.C.<br>100 North Tampa Street, Suite 3600<br>Tampa, Florida  33602<br>Telephone: 813.289.1247<br>Facsimile:  813.289.6530<br>Attorney for Defendant |

29374653.1